## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SMITH, *et al.*, | ) | |
| | ) | Case No. 1:20-cv-1848 |
| Plaintiffs, | ) | |
| | ) | Judge J. Philip Calabrese |
| v. | ) | |
| | ) | Magistrate Judge Thomas M. Parker |
| KRIS SWAFFER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| JMELT LLC, *et al.*, | ) | |
| | ) | Case No. 1:21-cv-2095 |
| Plaintiffs, | ) | |
| | ) | Judge J. Philip Calabrese |
| v. | ) | |
| | ) | Magistrate Judge |
| KRIS SWAFFER, | ) | Jonathan D. Greenberg |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

After the Court ruled on Defendant's motion to dismiss in *Smith v. Swaffer*, Plaintiffs filed *JMELT LLC v. Swaffer* as a related case. Defendant moved to dismiss (*JMELT* ECF No. 6), and Plaintiffs amended their complaint as of right (*JMELT* ECF No. 7). At a status conference a few days later, the parties reported that they had begun settlement discussions. (*See* Minutes, Mar. 21, 2022.) Accordingly, the Court stayed proceedings in *JMELT* in the middle of the pleading stage, as it were, and directed counsel to focus their efforts on resolution. (*Id.*) Later, the parties reported that they had reached a settlement of both cases. (*See Smith* ECF No. 34.) When the

parties reported that they were obtaining signatures on the settlement papers, they agreed to "inform the Court if the case cannot be settled and must be returned to the active docket." (*Smith* ECF No. 36, PageID #623.)

Although the parties reached a resolution, Mr. Swaffer proved unable to fund the settlement. (*See, e.g.*, *Smith* ECF No. 38; *JMELT* ECF No. 9.)  At a status conference on November 29, 2022, the Court directed the parties to file their respective positions on returning these cases to the active docket.  Further, the Court directed Defendant to inform the Court whether there are facts relevant to Defendant's pending motion to dismiss in *JMELT LLC v. Swaffer*, (*JMELT* ECF No. 6), that materially differ from those on which the Court relied in ruling on Defendant's motion to dismiss in *Smith v. Swaffer* (*Smith* ECF No. 25.)

In both cases, Plaintiffs move to return these cases to the active docket. (*Smith* ECF No. 49; *JMELT* ECF No. 15.)  Based on the prior representation of the parties that they would advise the Court if the cases could not be settled and should return to the active docket, the Court finds that these cases are not settled and, therefore, **GRANTS** that motion.  Next, although Plaintiffs' amendment in *JMELT* formally moots Defendant's motion to dismiss, the Court nonetheless turns to consideration of the grounds for dismissal Defendant asserted in the interests of judicial economy, conserving the parties' resources, preserving these issues for the record, and moving the case forward without further delay.

## STATEMENT OF THE CASE

Plaintiffs assert nine claims, naming Mr. Swaffer as the sole Defendant. Plaintiffs allege fraud in violation of the Securities and Exchange Act of 1934 and Rule 10b-5 (Count I), fraud and the sale of unregistered securities in violation of the Securities Act of 1933 (Counts II & III), Blue-Sky claims under the Ohio Securities Act (Count IV), and the Idaho Code (Count V), as well as statutory claims under Michigan law (Count VII), and State-law claims for fraud (Count VIII) and constructive trust (Count IX).

Under Rule 12(b)(3), Defendant moves to transfer this case to: (1) the Southern District of Texas under 28 U.S.C. § 1404(a), pursuant to a contractual forum-selection clause; or (2) alternatively, the Eastern District of Michigan or the Southern District of Texas under 28 U.S.C. § 1406. Also, Defendant moves to dismiss the various State-law claims for lack of personal jurisdiction under Rule 12(b)(2). Finally, Defendant moves to dismiss Counts I, II, III, IV, V, VII, VIII, and IX based on the applicable statute of limitations and for failure to state a claim under Rule 12(b)(6). On March 18, 2022, after Defendant moved to dismiss, Plaintiffs amended their complaint, adding Plaintiffs MMG1, LLC and Tashe Bozinovski, and a Blue-Sky claim under the Wisconsin Uniform Securities Law (Count VI).

## ANALYSIS

On December 13, 2022, in response to the Court's request, Defendant filed a report of facts relevant to Defendant's motion to dismiss in *JMELT* that materially differ from those on which the Court relied in ruling on Defendant's motion to dismiss

3

in *Smith v. Swaffer*.  That report does not address MMG1, LLC's or Mr. Bozinovski's allegations, or Count VI.

## I.     Transfer or, Alternatively, Improper Venue

Defendant identifies two unique facts relevant to venue in his report.  (*JMELT* ECF No. 16.)  First, unlike *Smith*, this case involves four Ohio plaintiffs and one Idaho plaintiff.  (*Id.*, PageID #306.)  Also, the Court notes that Plaintiff Bozinovski resides in Wisconsin and Plaintiff MMG1, LLC is an Ohio entity whose sole member is also an Ohio resident.  (*JMELT* ECF No. 7, ¶¶ 8–10, PageID #149.)  Neither fact alters the Court's venue analysis in its Opinion and Order on Defendant's motion to dismiss in *Smith*.  (*Smith* ECF No. 25, PageID #521–33.)  Here, Plaintiffs' substantially similar claims remain outside the scope of the forum-selection clause in the POHIH Stockholder's Agreement.  (*Id.*, PageID #526–28.)  And the ratio of in-State Plaintiffs to out-of-State Plaintiffs relevant to the convenience analysis—seven out of ten in *Smith* and five out of seven here—is nearly identical.

Further, *Smith* presents similar legal and factual issues to those at issue in *JMELT* and remains pending before the Court.  This is an additional factor that weighs against transfer because it "suggest[s] that the objectives of trying the case expeditiously an inexpensively would benefit" from the case remaining in this forum. *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

For the foregoing reasons, as well as those set forth in the Court's Opinion and Order denying Defendant's motion to transfer or to dismiss for improper venue in *Smith*, the Court **DENIES** Defendant's motion to transfer or dismiss the case for improper venue.

4

## II.     Personal Jurisdiction

Defendant identifies two facts relevant to his motion to dismiss for lack of personal jurisdiction that differ from those on which the Court relied in *Smith*.  First, only two Plaintiffs in this matter—JMELT's representative (Jeff Tanner) and Hughes Contracting Services, LLC's representative (Randall Hughes)—indicate that they met with Mr. Swaffer in Ohio.  (*JMELT* ECF No. 16, PageID #307.)  The Court notes that Plaintiff MMG1, LLC's representative (Michael Sartor) met with Mr. Swaffer in Ohio.  (*JMELT* ECF No. 7, ¶ 121, PageID #166–67.)  Second, Plaintiff Daniel Hollis, who resides in Idaho, does not allege that he received any communications from Mr. Swaffer while in Ohio.  (*Id.*)

These facts do not alter the Court's personal jurisdiction analysis in its Opinion and Order in *Smith*.  (*Smith* ECF No. 25.)  In *Smith*, fewer than all plaintiffs alleged that they met with Mr. Swaffer in Ohio, but some did.  (*Id.*, PageID #537.)  Here, Plaintiffs allege that Mr. Swaffer hosted a meeting with Mr. Tanner, Mr. Hughes, and Mr. Sartor in a hotel in Avon, Ohio on April 23, 2018 (*JMELT* ECF No. 7, ¶¶ 54, 65 & 121, PageID #156, 158 & 167), and Mr. Swaffer's agent Sean Williams met with Mr. Tanner in Ohio in 2017.  (*Id.*, ¶ 51, PageID #155.)  At the evidentiary hearing in *Smith*, the Court heard testimony about this and other meetings Mr. Swaffer conducted with potential investors in Ohio.  Like Mr. Hollis, two of the plaintiffs in *Smith*—Areti Ventures and BWO—did not communicate with Mr. Swaffer in Ohio.  (*Smith* ECF No. 25, PageID #537 & 542.)  Further, like several plaintiffs in *Smith*, Mr. Hollis, Mr. Bozinovski, Mr. Roser, and Mr. Mazzola each allege that they received solicitations for investments and communications about their investments from

5

Williams, who resides in Ohio, or paid their investment funds to Williams' bank account in Ohio to be distributed to Mr. Swaffer.  (*JMELT* ECF No. 7, ¶¶ 77–78, 91–-92, 108 & 138, PageID #160, 162, 165 & 169.)

Nothing about the facts alleged in *JMELT* materially changes the record or the Court's conclusion that Mr. Swaffer purposefully availed himself of doing business in Ohio by entering the State to solicit investments, providing updates to investors located in Ohio, and employing Williams to solicit investments on his behalf in Ohio.  To the extent there is any question about personal jurisdiction over Mr. Swaffer regarding the State-law claims of Mr. Hollis, or any other Plaintiffs, as in *Smith* those claims arise from the same nucleus of operative fact as the federal claims, such that (1) they form part of the same case and controversy under Article III and 28 U.S.C. § 1367, and (2) there is no substantive or procedural unfairness to Mr. Swaffer from defending against those claims here.  *See* 4A Wright & Miller, Federal Practice and Procedure § 1069.7, at 345 (2015).  The Court exercises pendent personal jurisdiction over Mr. Swaffer with respect to those claims.  For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss for lack of personal jurisdiction.

## III.  Failure to State a Claim

Defendant argues that Plaintiffs' complaint fails to state a claim on which the Court may grant relief.  (*JMELT* ECF No. 6-1, PageID #55–58; *JMELT* ECF No. 6-2, PageID #77–84.)  Also, Defendant maintains that the applicable statutes of limitation and repose bar at least some of Plaintiffs' claims.

### III.A. Statutes of Limitation and Repose

Plaintiffs invested in POHIH on different dates than Plaintiffs in *Smith*, as reflected in the amended complaint (*JMELT* ECF No. 7), Defendant's motion (*JMELT* ECF No. 6-1, PageID #50), and Defendant's report (*JMELT* ECF No. 16, PageID #307).  Mr. Bozinovski invested $100,000 with Mr. Swaffer on October 31, 2019, representing Plaintiffs' last investment.  (*JMELT* ECF No. 7, ¶ 138, PageID #169.)  Mr. Mazzola invested $100,000 with Mr. Swaffer on August 28, 2019, representing the latest investment of a Plaintiff whose claims Defendant moves to dismiss. (*Id.*, ¶ 91, PageID #162.)    All Plaintiffs discovered Defendant's misrepresentations around March 13, 2020, at the earliest, after one of the plaintiffs in *Smith* "made a statutory request for books and records" under Texas law. (*Smith* ECF No. 25, PageID #544.)  Plaintiffs filed suit on November 5, 2021. (*JMELT* ECF No. 1.)  Based on these facts, for the reasons set forth in its Opinion and Order in *Smith*, (*Smith* ECF No. 25, PageID #543–49), the Court **DENIES** Defendant's motion to dismiss to Counts One, Four, and Seven as time-barred and **GRANTS** Defendant's motion and **DISMISSES** Count Three as time-barred.

Plaintiffs Mazzola and Hollis allege claims under Section 12 of the Securities Act of 1933. (ECF No. 7, PageID #173.)  Under Section 77l(a)(2), Plaintiffs must have filed their complaint within one year of discovering the untrue statement or omission and within three years of each sale.  *See* 15 U.S.C. § 77m.  As discussed above, Plaintiffs discovered Defendant's misrepresentations around March 2020, but Plaintiffs did not file suit until November 5, 2021, more than a year after this

discovery.  Therefore, the Court **GRANTS** Defendant's motion and **DISMISSES** Count Two as time-barred.

Mr. Hollis brings a claim under Idaho's Blue-Sky statute, Idaho Code Sections 30-14-301 and 30-14-509 (Count V).  Under the latter, plaintiffs must file suit based on false representations "within three [] years after a violation was discovered or should have been discovered with the exercise of reasonable care."  Idaho Code § 30-14-509(j)(2).  However, Mr. Hollis's claim based on Mr. Swaffer's failure to register a security under Section 30-14-301 is subject to a three-year statute of limitations without a discovery rule.  Idaho Code § 30-14-509(j)(1).  Accordingly, to the extent Count V is based on Mr. Swaffer's untrue statements or omissions of material fact, that claim is not time-barred.  To the extent Count V is based on Mr. Swaffer's failure to properly register a security under Idaho law, it is time-barred.

Defendant moves to dismiss Plaintiffs' common-law claims for fraud and constructive trust (Counts VIII and IX) as time-barred under Ohio and Idaho law.  Under Ohio law, plaintiffs must bring a fraud claim within four years after the cause of action accrues.  Ohio Rev. Code § 2305.09.  An action for constructive trust is an action "upon the ground of fraud" and is subject to the same four-year limitation period.  *Peterson v. Teodosio*, 34 Ohio St. 2d 161, 172, 297 N.E.2d 113 (1973).  Under Ohio law, the discovery rule applies to tort claims on grounds of fraud.  *See Burr v. Board of Cnty. Comm'rs of Stark Cnty.*, 23 Ohio St. 3d 69, 76, 491 N.E.2d 1101 (1986).  Therefore, the causes of action accrued, at the earliest, in March 2020 and the statute of limitations runs in March 2024.  Counts VIII and IX are timely under Ohio law.

Even if Idaho law applies to Mr. Hollis's claims for fraud and constructive trust, which Defendant urges (*JMELT* ECF No. 6-1, PageID #57), that does not change the Court's conclusion that the claims are timely.  Under Idaho law, plaintiffs must bring fraud claims within three years, and the cause of action is not "deemed to have accrued until the discovery . . . of the facts constituting the fraud."  Idaho Code § 5-218(4).  Therefore, the cause of action accrued, at the earliest, in March 2020 and the statute of limitations runs in March 2023.  Mr. Hollis's claims for fraud and constructive trust, to the extent they arise under Idaho law, are timely.  The Court **DENIES** Defendant's motion to dismiss Counts VIII and IX as time-barred.

### III.B. Failure to State a Claim

Defendant incorporates into this motion his memorandum in support of his motion to dismiss in *Smith*, which argued that Plaintiffs' claims for fraud and constructive trust did not meet the heightened pleading standards for fraud under Rule 9(b) and the Private Securities Litigation Reform Act of 1995.  (*JMELT* ECF No. 6-2, PageID #80–84.)  For the same reasons set forth in the Court's Opinion and Order in *Smith* (*Smith* ECF No. 25), the Court **DENIES** Defendant's motion to dismiss Counts VIII and IX for failure to state a claim.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss for lack of personal jurisdiction and his motion to transfer or to dismiss and **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss for failure to state a claim.  (*JMELT* ECF No. 6.)  Specifically, the Court **DISMISSES** Counts Two and

Three, and **DISMISSES** Count V to the extent it is based on Mr. Swaffer's failure to register a security under Section 30-14-301 of the Idaho Code.

Further, the Court **GRANTS** Plaintiffs' motion to return these cases to the active docket.  (*Smith* ECF No. 49; *JMELT* ECF No. 15.)  Accordingly, the Court sets a status conference for January 12, 2023 at 11:00 a.m. eastern time by telephone to discuss next steps in the cases.

      **SO ORDERED.**

Dated:  January 4, 2023

                                     J. Philip Calabrese
                                     United States District Judge
                                     Northern District of Ohio